UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ROBIN WEAVER,

    Plaintiff,

v.

ROBERTO CACERES, individually,
and SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

    Defendants.
_____/

## COMPLAINT
### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant ROBERTO CACERES, individually, and Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by Florida Statute § 768.28.

### PARTIES

4. Plaintiff ROBIN WEAVER (hereinafter "Plaintiff") is a resident of Palm Beach County, State of Florida.

5. At all times referred to herein, Defendant ROBERTO CACERES [hereinafter Defendant CACERES] was acting under color of law as a law enforcement officer for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

6. Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant BROWARD SHERIFF'S OFFICE acted through its agents, employees, and servants, including Defendant CACERES, and others.

7. Plaintiff sues Defendant CACERES in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8. On June 21, 2014, Plaintiff attended the Stonewall Street Festival and Parade in Wilton Manors, Broward County, Florida.

9. The Stonewall Street Festival and Parade is a celebration of the Stonewall uprising that followed a police raid on June 28, 1969, at the Stonewall Inn, in the Greenwich Village area of New York City. Following regular practice, the police planned to raid the Stonewall Inn and arrest all men dressed as women, and all women dressed as men. The protests began after some patrons refused to cooperate and police allegedly touched some women inappropriately, and hit one woman in the head with a police baton after she complained her handcuffs were too tight.

10. At all times material hereto, Pride One of Broward County, Inc., hired approximately fifty (50) law enforcement officers to work security and traffic control during the two-day festival,

located on Wilton Drive between NE 20th Street and the intersection of Wilton Drive and NE 26th Street, and Dixie Highway (i.e., five points).

11.     The festival featured booths, food, drink, live entertainment, and an approximately one (1) mile long parade along Wilton Drive, which was closed to vehicular traffic and open to the public.

12.     In the early evening, Plaintiff walked south on Wilton Drive to some food trucks, and was joined by a friend, Joy Fletcher.

13.     At approximately 6:30 pm Defendant CACERES and other law enforcement officers began connecting steel barricades that were placed along the parade route.

14.     Prior to the start of the parade, Plaintiff and Fletcher wanted to cross Wilton Drive (from east to west) since there was rain during the day and there was shelter and restrooms on the east side of Wilton Drive.

15.     Although persons attending the festival both north and south of Plaintiff were crossing Wilton Drive as the barricades were being connected (including Fletcher), out of courtesy Plaintiff asked Defendant CACERES if it was okay to cross as Defendant CACERES moved down the road from barricade to barricade (with persons continuing to cross in full view).

16.     Defendant CACERES refused to allow Plaintiff to cross, notwithstanding the fact that the parade had not started and was not close to starting.

17.     Plaintiff continued to walk with Defendant CACERES as he linked barricades, asking: "Are you serious?"

18.     At all times material hereto, Defendant CACERES remained on one side of the barricades and Plaintiff on the other, as Plaintiff continued to ask Defendant CACERES why she could not cross when other persons continued to cross both to the right and left of Defendant

CACERES.

19. Defendant CACERES became annoyed with Plaintiff, whereupon he reached over the barricade and placed his forearm into Plaintiff's chest and pushed Plaintiff back.

20. At all times material hereto, Defendant CACERES used physical force against Plaintiff without warning and prior to any verbal commands for Plaintiff to step back, and because (according to Defendant CACERES) Plaintiff was in his personal space as Plaintiff stood on the opposite side of the barricade.

21. In response to the unwelcomed and unlawful use of force by Defendant CACERES, Plaintiff defended herself by blocking Defendant CACERES's arm off her chest.

22. Defendant CACERES then reached over the barricade and struck Plaintiff with the palms of his hands with sufficient force to upend Plaintiff, such that Plaintiff went head over heals and stuck the back of her head.  As a result of the use of force by Defendant CACERES, Plaintiff sustained a concussion.

23. Plaintiff was then placed under arrest by Defendant CACERES for the felony offense of battery on a police officer, in the absence of probable cause Plaintiff committed any criminal offense.

24. At all times material hereto, Plaintiff was 48 years old and worked as a cost analyst for FP&L.  Plaintiff has no prior arrests in her lifetime.

25. Following her arrest, Plaintiff was escorted by Defendant CACERES across Wilton Drive, where Plaintiff was placed into a police car and transported to a substation and the Broward County Jail.  Plaintiff was denied entry into the jail due to her injuries, and was transported to a hospital for medical clearance, whereupon Plaintiff was returned to the Broward County Jail for incarceration.

26. Defendant CACERES subsequently prepared a police report for submission to prosecuting authorities containing false statements and material omissions.

27. At all times material hereto, Defendant CACERES knew that his police reports would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against Plaintiff.

28. The probable cause affidavit prepared by Defendant CACERES for submission to prosecuting authorities contained false statements, including but not limited to the false allegation that Plaintiff refused to back away from the barricades while the parade was in progress, after being ordered to do so, when in fact, as Defendant CACERES knew, the parade had not started and Plaintiff was never ordered to step back.

29. The probable cause affidavit prepared by Defendant CACERES for submission to prosecuting authorities contained false statements, including but not limited to the false allegation that Plaintiff rushed towards Defendant CACERES and pushed him, when in fact, as Defendant CACERES knew, Plaintiff merely raised her arms in an effort to remove Defendant CACERES's forearm from her chest, in lawful self defense, at which time Defendant CACERES pushed Plaintiff to the ground, resulting in Plaintiff striking the back of her head and suffering a concussion.

30. On July 2, 2015, Broward County Judge Mindy Solomon heard the testimony of Plaintiff and Defendant CACERES and granted Plaintiff's stand-your-ground motion.

31. In granting the motion and dismissing the case against Plaintiff, Judge Solomon concluded that Plaintiff acted in self-defense when she raised her arms in an effort to remove Defendant CACERES's forearms from her chest.

32. The conduct of Defendant CACERES, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CACERES, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant CACERES, individually, in Count I, Plaintiff states:

33. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 32.

34. Defendant CACERES proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

35. The conduct of Defendant CACERES towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

36. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

37. As a further direct and proximate result of the conduct of Defendant CACERES, individually, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

  b. Judgment for exemplary damages;

  c. Cost of suit;

  d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  e. Trial by jury as to all issues so triable; and

  f. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## EXCESSIVE USE OF FORCE BY DEFENDANT CACERES, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant CACERES, individually, in Count II, Plaintiff states:

 38. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 32.

 39. The use of force by Defendant CACERES towards Plaintiff was objectively unreasonable and unnecessary under the circumstances and constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

 40. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

 41. As a further direct and proximate result of the conduct of Defendant CACERES, individually, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a

reasonable fee for his services herein.

      WHEREFORE, Plaintiff prays:

          a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

          b.      Judgment for exemplary damages;

          c.      Cost of suit;

          d.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

          e.      Trial by jury as to all issues so triable; and

          f.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For her cause of action against Defendant BROWARD SHERIFF'S OFFICE, in Count III, Plaintiff states:

      42.      Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 32.

      43.      Defendant CACERES proximately caused Plaintiff's in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

      44.      The conduct of Defendant CACERES constitutes false arrest/false imprisonment of Plaintiff under Florida law.

      45.      The false arrest/false imprisonment of Plaintiff by Defendant CACERES was committed by Defendant CACERES in the course and scope of his employment as a law enforcement officer for Defendant BROWARD SHERIFF'S OFFICE.

      46.      As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering,

including business reputation/goodwill.

47. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT CACERES, INDIVIDUALLY

For her cause of action against Defendant CACERES, individually, in Count IV, Plaintiff states:

48. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 32.

49. Defendant CACERES proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

50. The conduct of Defendant CACERES constitutes false arrest/false imprisonment of Plaintiff under Florida law.

51. Alternatively to the allegations set forth in Count III, if the false arrest/false imprisonment of Plaintiff by Defendant CACERES occurred outside the course and scope of his

employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant CACERES in his individual capacity.

52. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

53. As a further direct and proximate result of the conduct of Defendant CACERES, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $ 15,000 dollars;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Trial by jury as to all issues so triable; and

    e. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For her cause of action against Defendant BROWARD SHERIFF'S OFFICE in Count V, Plaintiff states:

54. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of

paragraphs 1 through 32.

55. The use of force by Defendant CACERES towards Plaintiff was objectively unreasonable and unnecessary under the circumstances and resulted, as Defendant CACERES reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against her will.

56. The battery/unnecessary use of force by Defendant CACERES towards Plaintiff occurred during the course and scope of his employment as a law enforcement officer for Defendant BROWARD SHERIFF'S OFFICE.

57. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

58. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $ 15,000 dollars;

    b. Cost of suit;

    c. Trial by jury as to all issues so triable; and

    d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST
## DEFENDANT CACERES, INDIVIDUALLY

For her cause of action against Defendant CACERES, individually, in Count VI, Plaintiff states:

59. Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 32.

60. The use of force by Defendant CACERES towards Plaintiff was objectively unreasonable and unnecessary under the circumstances and resulted, as Defendant CACERES reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against her will.

61. Alternatively to the allegations set forth in Count V, if the battery/unnecessary use of force against Plaintiff by Defendant CACERES, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant CACERES in his individual capacity.

62. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

63. As a further direct and proximate result of the conduct of Defendant CACERES, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $ 15,000 dollars;

    b.    Judgment for exemplary damages;

    c.    Cost of suit;

    d.    Trial by jury as to all issues so triable; and

    e.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VII**
**MALICIOUS PROSECUTION AGAINST DEFENDANT CACERES, INDIVIDUALLY**

For her cause of action against Defendant CACERES, individually, in Count VII, Plaintiff states:

    64.    Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 32.

    65.    No reasonably cautious law enforcement officer in the position of Defendant CACERES would have believed Plaintiff was guilty-in-fact of any criminal offense.

    66.    Defendant CACERES proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice, and in the absence of probable cause that Plaintiff committed any criminal offense, by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

    67.    At all times material hereto, Defendant CACERES knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

    68.    The conduct of Defendant CACERES was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

    69.    The criminal proceedings instituted and/or continued by Defendant CACERES reached a bona fide resolution in Plaintiff's favor.

    70.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering, including business reputation/goodwill.

71. As a further direct and proximate result of the conduct of Defendant CACERES, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, lost wages, and loss of earning capacity.  It was also necessary for Plaintiff to retain the services of a criminal defense attorney to represent her in the criminal proceeding instituted or continued by Defendant CACERES, and to pay her attorney a reasonable fee for his services and costs.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

- a. Judgment for compensatory damages in excess of $ 15,000 dollars;
- b. Judgment for exemplary damages;
- c. Cost of suit;
- d. Trial by jury as to all issues so triable; and
- e. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

72. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this __27th__ day of July, 2016.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile: (954) 522-1176
**Attorneys for Plaintiff Robin Weaver**